IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NYDIA ROSARIO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-276** |
| | : | |
| **LIBERTY MUTUAL PERSONAL** | : | |
| **INSURANCE COMPANY** | : | |

# ORDER

**AND NOW**, this 13th day of February 2026, upon studying Defendant's renewed Motion to dismiss (ECF 12) with supporting Brief including several inaccurate citations (ECF 12-1) which may warrant sanctions if not addressed, Plaintiff's Opposition (ECF 15), and for reasons in today's accompanying Memorandum, it is **ORDERED** Defendant's Motion (ECF 12) is **GRANTED** without prejudice requiring we:

1.  **DISMISS** Plaintiff's statutory bad faith claim without prejudice;

2.  **STRIKE** paragraphs 15, 16, and 17 of the Complaint (ECF 1-5) without prejudice;

3.  **GRANT** Plaintiff leave to amend to plead allegations including addressing the present pleading deficiencies consistent with deadlines set in our scheduling Order entered after our initial pretrial conference, and,

4.  **DIRECT** Defendant's counsel of record, as a condition of deferring sanctions, to offer his lesson to his colleagues as to careful briefing by:

    a.  **forthwith** emailing the accompanying Memorandum to all first-year litigation associates in his law firm <u>and</u> all law firm colleagues and paraprofessionals who also may represent insurers addressing bad faith claims under Pennsylvania Law in the past twelve months under a cover email directing their specific attention to n.16; and,

    b.  filing a Certificate of compliance with this obligation attaching the cover email sent to his colleagues including showing the addressees by no later than **February 17, 2026.**

                   _____
                    **KEARNEY, J.**